## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**JUSTIN PETER BENAVENTE**<br>**SCOTT DUENAS III**,<br><br>Defendants. | CRIMINAL CASE NO. **CF0678-23**<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on June 27, 2025, for hearing on Defendant Scott Duenas III's ("Defendant Duenas") Motion for Order to Take Depositions, joined by Defendant Justin Peter Benavente ("Defendant Benavente"). Present were Assistant Attorney General Grant Olan on behalf of the People of Guam ("the Government"), Defendant Duenas with counsel, Gloria A.L. Rudolph, and Defendant Benavente with counsel, Joaquin C. Arriola, Jr. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

Defendants are charged with Third Degree Criminal Sexual Conduct (As a Second Degree Felony).[1] (Superseding Indictment, Mar. 7, 2025). The charges stem from allegations that

---

[1] Defendant Benavente is charged with one count of Third Degree Criminal Sexual Conduct (As a Second Degree Felony) and Defendant Duenas is charged with two counts of Third Degree Criminal Sexual Conduct (As a Second Degree Felony). (Superseding Indictment, Mar. 7, 2025).

Defendants engaged in sexual penetration with T.F. (DOB: 10/19/1989) on or about August 25, 2023, when they knew or had reason to know that she was mentally impaired, mentally incapacitated, or physically helpless. *Id.*

On April 16, 2025, Defendant Duenas filed the instant Motion. On April 30, 2025, Defendant Benavente filed his Joinder in the Motion. On May 19, 2025, the Government filed its Opposition. No reply was filed by either Defendant.

On June 27, 2025, the Court heard arguments on the Motion and subsequently placed the matter under advisement.

On July 24, 2025, the Government filed a Notice Re: Witness Availability for Trial for the time period between the end of 2025 and early 2026, as requested by the Court at the June 27, 2025 hearing.

## DISCUSSION

Defendants move the Court to permit them to take the depositions of ten (10) witnesses, including the alleged victim, arguing that it is necessary to the preparation of their defense and the investigation of the allegations made against them. *See generally,* Mot. Deposition, Apr. 16, 2025; Joinder, Apr. 30, 2025. Eight of the ten witnesses are designated as expert witnesses. *Id.* The Court previously denied Defendant Benavente's Motion to Depose the alleged victim, finding he had "not presented any special circumstances that would justify deposition." (Dec. & Order at 7, May 29, 2024).

Under Guam law:

> Whenever due to special circumstances of the case it is in the interest of justice that any person be ordered to appear at a specified time and place to be examined under oath, the court may, upon noticed motion of any party, order such person to appear so that his testimony may be taken by deposition and further order that any designated book, paper, document, record, recording or other material not privileged, be produced at the same time and place.

8 G.C.A. § 70.50. "One crucial difference between the Rules of Civil Procedure and the Rules of Criminal Procedure . . . is that, under the Rules of Civil Procedure, parties have the general ability to depose potential witnesses. In criminal cases, a party may only depose a person under special

circumstances pursuant to 8 GCA 70.50 (2005)." *People v. Orallo*, 2006 Guam 8 ¶ 12 n. 2 (J. Torres, concurring) (internal citation omitted).

Defendants seek to depose the following witnesses:

1. Guam Police Department Detective Angel Santos

2. T.F. (DOB: 10/19/1989)

3. Athena Duenas, Substance Users Program Supervisor, Guam Behavioral Health and Wellness Center – Expert Witness

4. Keng-Cin Sue, M.D., Office of the Chief Medical Examiner – Expert Witness

5. Reina Sanchez, Clinical Administrator, Guam Behavioral Health and Wellness Center – Expert Witness

6. Stephanie Hill, Forensic Examiner, Federal Bureau of Investigation – Expert Witness

7. Amanda Del Rosario, M.D., Healing Hearts Crisis Center – Expert Witness

8. William Weare, M.D., Healing Hearts Crisis Center – Expert Witness

9. Arthur Perez, Criminalist, Guam Police Department – Expert Witness

10. Zenobia Lynn, Criminalist, Guam Police Department – Expert Witness

(Duenas Mot. Deposition at 1-2). Defendant Duenas argues that:

> special circumstances exist in this case which require him to take the deposition testimony of the intended deponents, most of whom have been designated as "Expert Witnesses," as his review of the discovery and the court file herein indicate that each has information necessary to Defendant to ascertain in order to be prepared to defend against the charges against him at trial, and whose depositions are required in order for Defendant to obtain rebuttal and expert witnesses.

*Id.* at 2.

Although both defendants, at the Motion Hearing, placed at issue the Guam Legislature's use of "special circumstances" rather than "exceptional circumstances" as set forth in the Federal Rules of Criminal Procedure 15(a), the Court notes that section 70.50 was "based on policies reflected in proposed Federal Rule 15 and ABA, Project on Standards for Criminal Justice Discovery and Procedure before Trial §2.5." 8 G.C.A. § 70.50, Note. The 1971 preliminary draft of proposed changes to the criminal rules (including FRCP 15), included the phrase "special

circumstances." *See* Committee on Rules of Practice and Procedure, 52 F.R.D. 409, 438 (1971). The proposed amendments for Rule 15 depositions provided in relevant part: -

> (a) WHEN TAKEN. ~~If it appears that a prospective witness may be unable to attend or prevented from attending a trial or hearing, that his testimony is material and that it is necessary to take his deposition in order to prevent a failure of justice,~~ *Whenever due to special circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial,* the court ~~at any time after the filing an indictment or information~~ may upon motion of ~~a defendant~~ *such party* and notice to the parties order that ~~his~~ testimony of *such witness* be taken by deposition and that any designated ~~books, papers, documents or tangible objects,~~ *book, paper, document, record, recording, or other material* not privileged, be produced at the same time and place. If a witness is committed for failure to give bail to appear to testify at a trial or hearing, the court on written motion of the witness and upon notice to the parties may direct that his deposition be taken. After the deposition has been subscribed the court may discharge the witness.

*Id.* at 438–39 (alterations in original). The advisory committee notes reflect that:

> Subdivision (a) is revised to provide that the government as well as the defendant is entitled to take a deposition. The phrase "whenever due to special circumstances of the case it is in the interest of justice," is intended to make clear that the decision by the court as to whether to order the taking of a deposition shall be made in the context of the circumstances of the particular case. An obviously important factor is whether a deposition will expedite, rather than cause, delay in the administration of criminal justice. Also important is the presence or absence of factors which determine the use of a deposition at the trial, such as the agreement of the parties to the use of the deposition; the possible unavailability of the witness; or the possibility that coercion may be used upon the witness to induce him to change his testimony or not to testify. See proposed rule 16(a)(1)(vi) (January 1970).

*Id.* at 446. Ultimately, the version of Rule 15(a) enacted by congress in 1975 included the phrase "exceptional circumstances" rather than "special circumstances."[2]

---

[2] FRCP Rule 15 provides in relevant part:

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data.

Defendants have not presented the Court with any authority showing that the Guam Legislature specifically intended to deviate from the federal rule's use of the phrase "exceptional circumstances." Accordingly, the Court declines to find the fact that Guam's statute uses the phrase "special circumstances" rather than "exceptional circumstances" requires it to not consider federal case law examining "exceptional circumstances" in evaluating whether a deposition should occur. *See, e.g., Sumitomo Constr. Co., Ltd. v. Zhong Ye, Inc.,* 1997 Guam 8 ¶ 7 ("Generally, when a legislature adopts a statute which is identical or similar to one in effect in another jurisdiction, it is presumed that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction. This rule of construction is useful in helping the judiciary interpret statutes adopted from federal acts.").

"Under the present rule [15,] references to the materiality of the testimony and the unavailability of the witness have been replaced with the phrase, 'exceptional circumstances.' This change was effectuated to ensure that the trial court exercised its discretion in determining whether a deposition should be taken under the particular circumstances presented." *United States v. Fuentes-Galindo,* 929 F.2d 1507, 1509 (10th Cir. 1991) (citing Notes of the Advisory Committee to Rule 15). "Prior to the 1975 amendments, a deposition could be taken pursuant to Rule 15(a) under the following circumstances: (1) the witness' testimony was material; (2) the witness would be unavailable to testify; and (3) taking the deposition was necessary to prevent a failure of justice." *Id.* at 1509 (quoting *United States v. Whiting,* 308 F.2d 537 (2d Cir. 1962)).

"Depositions generally are disfavored in criminal cases. Their only authorized purpose is to preserve evidence, not to afford discovery." *United States v. Drogoul,* 1 F.3d 1546, 1551 (11th Cir. 1993) (citations and internal quotation marks omitted). "Nevertheless, the Federal Rules of Criminal Procedure expressly authorize parties to take depositions and use them at trial, when doing so is necessary to achieve justice and may be done consistent with the defendant's constitutional rights." *Id.* "All that is necessary to *take* depositions is a showing that 'exceptional

---

Fed. R. Crim. P. 15(a)(1).

circumstances' exist and that justice would be served by preserving the deposition testimony." *Id.* at 1557 (emphasis in original).

> In the ordinary case, exceptional circumstances do not exist when the prospective deponent has declared that he or she is willing to testify at trial. This is because the only proper use of a deposition in a criminal case is as substitute testimony when a material witness is unavailable for trial . . . [I]f there is very little chance that a deposition will be admissible—if the witnesses are available to testify live, for example—the district court need not engage in the wasteful practice of authorizing useless depositions.

*Id.* "It is within the sound discretion of the trial court to grant or deny a motion to depose a proposed witness in a criminal trial." *People v. Ngirangas,* 806 F.2d 895 (9th Cir. 1986) (citing *United States v. Nichols,* 534 F.2d 202, 204 (9th Cir. 1976)). "The burden is on the moving party to establish exceptional circumstances justifying the taking of depositions." *Drogoul,* 1 F.3d at 1552 (citation omitted). Courts have found exceptional circumstances existing where a witness is ill, *see, e.g., United States v. Singleton,* 460 F.2d 1148 (2d Cir. 1972), in military service overseas, *see, e.g., State v. Stark,* 222 N.E.2d 794 (Ohio Ct. App. 1966), of advanced age, *see, e.g., United States v. Hagedorn,* 253 F.Supp. 969 (S.D.N.Y. 1966), or a fugitive from justice, *see, e.g., United States v. Wilson,* 601 F.2d 95 (3d Cir. 1979).

The Court considers the witnesses in this case. At this time, the Court only has information specific to witness availability as set forth in the Government's Notice. Defendants do not specifically set forth facts reflecting witness availability in their Motion and Joinder. Although two of the witnesses have identified specific dates they will be unavailable to testify on, the Court notes that the dates are for short periods of time, with several of the dates identified as singular days. (Notice at 3, Jul. 24, 2025). The only witness currently located off island is Stephanie Hill from the Federal Bureau of Investigation.[3] None of the other witnesses who reside on Guam have been identified as having to relocate off island within the next eight months. The Government's Notice also clarifies that Ms. Duenas will not be called as an expert witness; Dr.

---

[3] The Court also notes that while Witness Hill resides off island, it does not mean that she is beyond the subpoena power of the Government or Defendant. *See 8 G.C.A. Chapter 164, Uniform Act to Secure the Attendance of Witnesses from without a State in Criminal Proceedings.*

Sue will not be called to testify as either an expert witness or fact witness; and Ms. Sanchez will not be called as an expert witness. *Id.* Defendants have not shown that any of the ten witnesses they seek to depose will be unable to testify at trial or refuse to testify at trial.[4] Accordingly, the Court finds Defendants have not met their burden and denies the Motion for Order to Take Depositions.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Defendants' Motion for Order to Take Depositions. Parties shall return for a Status Hearing on October 3, 2025 at 8:30 a.m.

**IT IS SO ORDERED** this 17th day of September, 2025.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, Lujan & Wolff, Arriola.
Date: 9/17/25 Time: 9:02am.
Antonio C Cruz
Deputy Clerk, Superior Court of Guam

---

[4] "A potential witness is unavailable for purposes of Rule 15(a) . . . whenever a substantial likelihood exists that the proposed deponent will not testify at trial. In that situation, justice usually will be served by allowing the moving party to take the deposition, thereby preserving the party's ability to utilize the testimony at trial, if necessary." *Drogoul*, 1 F.3d at 1553.

*People v. Benavente & Duenas*
Case No. CF0678-23
Decision and Order